STATE *versus* ALDEN G. HANDY.

In an indictment for forgery, the instrument alleged to be forged, was set forth as an acquittance or discharge for the sum of forty-eight dollars. The paper forged was on its face an order for the sum of forty-eight dollars; but on its back was an order for the further sum of one dollar. It was held, that there was a variance between the allegation and the proof.

THIS was an indictment for the forgery of the following instrument which was alleged to be an acquittance or discharge for the payment of money.

The instrument alleged to be forged was set forth in the indictment as follows: —

"St. Albans, Aug. 4th, 1833.

"C. C. Cushman, Esq.

"Sir, The bond you took for me on the Alden G. Handy demand must be attended to before it is out. He has paid me $48 to go on it, and if he pays the rest before it is out you may allow him the $48 he has paid, for me. He thinks he gave the bond in Sept. Yours, &c. ELIJAH WOOD, JR."

The instrument thus set forth in the indictment, had on the back of it the following words : —

"He says he has worked for me one day, for which I owe him $1, making in all $49, which you may allow on the execution."

Elijah Wood, Jr. who signed the paper, alleged to be forged, testified that where the figures $48 occur on the inside of the paper there was orignally written the figures $20, and where the figures $49 occur on the outside, the figures $21 were originally written by him, and that he gave the paper as a direction to Mr. Cushman to allow the sum of $21.

It appeared in evidence that the paper was received and treated as an order to allow the sum of forty-nine dollars.

The counsel for the prisoner, contended that there was a variance between the indictment and proof; first, in that the paper was incorrectly described as an acquittance or discharge of $48 instead of the sum of $49, and the lines commencing with, " he says he has worked," &c. are not set forth in the indictment, constituting, as the counsel contended, a

material part of the same instrument. Secondly, that the paper was incorrectly set forth as "an acquittance or discharge."

These objections, SHEPLEY J. before whom the trial was had, overruled, and a verdict of guilty was taken, subject to the opinion of the Court whether the indictment can be sustained.

*G. F. Shepley*, for the defendant. The parts omitted are material and should have been set forth in the indictment. 2 East's P. C. 975 ; *Rex* v. *Lyon*, 10 Petersd. 61 ; *Mason's* case, 1 East, 180. The instrument alleged to be forged should be truly set forth. The indictment alleges it to be of the tenor following, and having attempted to set it forth, it should be truly recited. *Rex* v. *Powell*, 2 Black. R. 787 ; *Com.* v. *Stow*, 1 Mass. R. 54. The instrument must be set forth either according to its tenor or according to its strict legal effect. Neither is done here. It is not an order for $48, but for $49.

It is not correctly set forth as an acquittance or discharge. This was a letter and was to operate as a discharge only on certain conditions, but was not a discharge of itself, and should not have been so described.

*Goodenow*, Attorney General, *contra.* All that is required in an indictment, is that it should be so certain, that it may be intelligible to the prisoner and the Court, and that the record should be a bar to all further proceedings in relation to that subject matter.

So much of the paper as is on its face was truly described, and may be considered as one instrument, of which there has been a forgery. The purport of an instrument refers to what is on its face. 2 East's P. C. 981 ; *Com.* v. *Parmenter*, 5 Pick. 279.

The indorsement on the back was another forgery, and it can afford no ground of complaint that the prisoner was not indicted for that. This was a paper of value and not a mere letter. 2 Hale's P. C. 185 ; Roscoe's Crim. Ev. 577.

BY THE COURT. — Several questions of interest have been raised in this case, but it will not be necessary to consider all

of them. The order is set forth in the indictment for the sum of forty-eight dollars. But upon inspection of the instrument alleged to be forged, it appears that there is the further sum of one, dollar due. It is then an order for the sum of forty-nine dollars, and the instrument not having been truly set forth, the exceptions are sustained, and the verdict set aside.